IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. MONROE and <br> JENNIFER A. MONROE, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK LEOPOLD and <br> STEVE JOHNSON, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 3:20-CV-731-MAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiffs James and Jennifer Monroe's motions for leave to proceed *in forma pauperis* ("IFP") (Doc. 3, Doc. 4), their motion for recruitment of counsel (Doc. 5), and for a preliminary review of the complaint in accordance with 28 U.S.C. § 1915(e)(2). The motion to dismiss filed by Defendants Mark Leopold and Steve Johnson (Doc. 9) is also before the Court.

1. **Motions to Proceed IFP**

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if the party "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor."

The IFP motions submitted by the Monroes indicate that they are not employed. They have no income. The only money they've received in the last twelve months is "$50

daily for motel fee." They have no money in a bank account. The only property they own is a sixteen-year-old car that is currently impounded. Based upon the foregoing information, the Court finds the Monroes are indigent within the meaning of § 1915(a)(1) and unable to pay the filing fee. Accordingly, their IFP motions are granted.

2. **Preliminary Review of the Complaint**

Because the Monroes are permitted to proceed IFP, the Court must review the complaint and dismiss any portion of it that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). An action fails to state a claim upon which relief can be granted if it does not plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this juncture, all well-pleaded allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). *Pro se* complaints have the additional benefit of being construed liberally and held to a less stringent standard than pleadings drafted by a lawyer. *Id.*

Here, the complaint alleges that the Monroe's car was impounded on October 19, 2019, and then illegally searched by a drug dog (Doc. 2, p. 5). The car was impounded again on December 9, 2019, despite being legally parked at a hospital (*Id.*). The car was impounded a third time in March 2020, while it was parked overnight at a local church (*Id.*). The car was impounded a fourth time in June 20, 2020 (*Id.*), and remained there as

of July 15, 2020 (Doc. 3, p. 3).

The Monroes claim the repeated impoundment of their car and unspecified belittling constitutes harassment (Doc. 2, p. 5). They allege they are being harassed "because of our last name [and] past drugs" and discriminated against because they are poor, unemployed, and homeless and living in their car (*Id.*). They request damages in the amount of $7,000 (*Id.* at p. 6).

The Court begins by discussing the capacity in which the Monroes are suing Mark Leopold, the Mayor of Swansea, Illinois, and Steve Johnson, the Chief of Police in Swansea. A § 1983 suit can be brought against a defendant in his official capacity or in his individual capacity. *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). An individual-capacity claim seeks to impose personal liability upon a defendant for his own tortious actions that were committed under color of state law. *Id.*; *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). An official-capacity claim, on the other hand, seeks to impose liability on a defendant as a "party to the execution or implementation of official policy or conduct by a government . . . ." *Hill*, 924 F.2d at 1372. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.*

Here, the complaint indicates that the Monroes seek to impose liability on Mayor Leopold and Chief Johnson because "[t]he policy or custom of this official's government agency violate[d] my rights" (Doc. 2), which leads the Court to believe the Monroes are attempting to allege an official-capacity claim against Mayor Leopold and Chief Johnson. In order to state an official-capacity claim under § 1983, the complaint must allege that an

official policy, custom, or practice "not only caused the constitutional violation, but was the 'moving force' behind it." *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). *See also Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Sims*, 506 F.3d at 515.

There are no allegations in the complaint, nor can it be inferred, that the impoundments and purported harassment occurred pursuant to any express policy or widespread practice (*see* Doc. 2). Similarly, there are no allegations that the impoundments and purported harassment was done by an official with final policymaking authority. Even if the Court assumed that Mayor Leopold and/or Chief Johnson had such authority, the complaint does not allege that they took the allegedly unconstitutional actions against the Monroes. Consequently, the complaint fails to state a claim against the Defendants in their official capacities.

Additionally, a claim against the Defendants in their individual capacities is not plausible based on the facts alleged in the complaint. The complaint does not include any allegations that Mayor Leopold and Chief Johnson *personally* and *directly* participated in the alleged impoundments or any other unconstitutional conduct (*see* Doc. 2). *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) ("Individual liability pursuant to § 1983 'requires personal involvement in the alleged constitutional deprivation.'")

(citation omitted). The complaint also does not include any allegations that Mayor Leopold or Chief Johnson knew about the alleged harassment and discrimination and acquiesced to it in some demonstrable way (*see* Doc. 2). *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("To succeed on a claim for supervisory liability, a plaintiff must show that the supervisor was personally involved in the constitutional violation[, meaning] the supervisor 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see.'") (citation omitted). And neither the Mayor nor the Chief of Police can be held liable for the actions of other municipal employees simply because they are in charge. *Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 507–08 (7th Cir. 2017) ("[T]here is no vicarious liability in a suit under section 1983."); *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) ("[T]here is no theory of *respondeat superior* for constitutional torts.") (citation omitted); *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) ("[Section] 1983 does not allow actions against individuals merely for their supervisory role of others.").

For these reasons, the Court concludes the Monroes have failed to state a claim for relief under § 1983 and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). But they will be given a chance to amend their complaint. Should they decide to file a First Amended Complaint, it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). In other words, a plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007); FED. R. CIV. P. 8(a)(2). Merely naming a party in the caption of a complaint is not enough to state a claim against that individual or entity. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). They should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate their constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how . . . ." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiffs should attempt to include the relevant facts of their case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

The dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim renders Defendants' motion to dismiss (Doc. 9) moot.

### 3. Motion for Counsel

"There is no right to court-appointed counsel in federal civil litigation." *Giles v. Godinez*, 914 F.3d 1040, 1052 (7th Cir. 2019) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). But the district court has discretion to recruit an attorney for any litigant who cannot otherwise afford one. *Giles*, 914 F.3d at 1052. "This is a 'difficult decision' since '[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (quoting *Olson,* 750 F.3d at 711).

Evaluating whether to recruit counsel is a two-step process. *Giles*, 914 F.3d at 1052. "First, the court must determine if the [litigant] made a reasonable attempt to secure counsel on [their] own." *Id.* at 1053 (citing *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir.

2013)). "Next, the court must examine 'whether the difficulty of the case—factually and legally—exceeds the particular [litigant's] capacity as a layperson to coherently present it." *Giles*, 914 F.3d at 1053 (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). This inquiry requires the Court to look at the factual and legal complexity of the plaintiff's claims. *Pruitt*, 503 F.3d at 655, 656. It also requires the Court to consider "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial," as well as the litigant's literacy, communication skills, educational level, and litigation experience. *Id.* at 655. In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar,* 718 F.3d 692 at 696.

Here, the Monroes indicate they contacted Land of Lincoln Legal Aid and attorney Phil Rice (Doc. 5). The Court notes, however, that Land of Lincoln does not handle civil rights claims like the one the Monroes are attempting to bring. *See, e.g., What We Do*, LAND OF LINCOLN LEGAL AID, https://lincolnlegal.org/what-we-do/ (last visited August 28, 2020). The Court does not believe that contacting one attorney and one legal organization, that does not even handle civil rights litigation, constitutes a reasonable attempt to obtain counsel. The Monroes must make additional efforts to find their own attorney before the Court will consider recruiting one for them.

Consequently, the motion for counsel is denied. The denial is without prejudice and the Monroes can renew their request for an attorney by filing another motion at any time. Any renewed motion should include the names, addresses, and primary area of

practice **of at least three attorneys** that they contacted, and if available, the letters from the attorneys who declined representation

## CONCLUSION

Plaintiffs James and Jennifer Monroe's motions for leave to proceed *in forma pauperis* ("IFP") (Doc. 3, Doc. 4) are **GRANTED**. Their motion for recruitment of counsel (Doc. 5) is **DENIED without prejudice**.

The complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), which renders **MOOT** the motion to dismiss filed by Defendants Mark Leopold and Steve Johnson (Doc. 9).

Plaintiffs are **GRANTED** leave to file a First Amended Complaint on or before October 12, 2020. Plaintiffs are **WARNED** that if they fail to file a First Amended Complaint by the deadline or consistent with the instructions set forth in this Order, this entire case will be dismissed with prejudice. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail a copy of this Order along with a blank "Complaint for a Civil Case (For Use by Non-Prisoners)" to Plaintiffs. This complaint form is also available on the Court's website (www.ilsd.uscourts.gov) by clicking on the tab "Rules and Forms" in the red bar near the top of the page; then clicking on "For Self Help/Pro Se Parties" in the middle of the page; and then clicking on the Microsoft Word icon next to "Complaint for a Civil Case (For Use by Non-Prisoners)."

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court informed of any change in their address. This shall be done in writing and not later than seven days after a change in address occurs. Failure to comply

with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2020**

                                            <u>s/ Mark A. Beatty</u>
                                            **MARK A. BEATTY**
                                            **United States Magistrate Judge**